COOK, Appellant,

v.

COOK, Appellee.

[Cite as *Cook v. Cook* (2001), 143 Ohio App.3d 687.]

Court of Appeals of Ohio,
Ninth District, Lorain County.

No. 00CA007640.

Decided Jan. 31, 2001.

*Mark A. Ziccarelli*, for appellant.

*James A. Deery*, for appellee.

BAIRD, Judge.

Kevin J. Cook appeals from the order of the Lorain County Court of Common Pleas, Domestic Relations Division, which denied his motion to modify a prior child support order issued by a Georgia court. This court reverses.

I

Jill A. and Kevin J. Cook were married on August 18, 1984. They had one child, a daughter, Arla, born July 7, 1988. On March 18, 1997, the couple was

granted a divorce by a court in Gwinnett County, Georgia. The divorce decree incorporated a separation agreement that provided for a negotiated amount to be paid in child support. At the time of the divorce, Jill was living with Arla in Ohio and Kevin was living in Florida. In May 1998, Kevin lost his job but secured another job in July 1998, at a higher rate of pay, but without the prospect of bonus payments that he had at the prior job. In negotiating a child support payment, the couple used Kevin's salary at the time, $75,000, and used the Georgia child support guidelines, with a downward deviation in support payments based on Kevin's high student loan payments. The agreement provided that if Kevin received any bonus, Jill would receive twenty percent of the net bonus, with a minimum cumulative payment of $11,000.

On January 25, 1999, Kevin registered the Georgia decree in the Lorain County Domestic Relations Court. On July 29, 1999, Kevin moved for a modification of child support because he claimed that (1) the Ohio support guidelines would yield a child support obligation of $764.16 per month, rather than the $1,100 ordered by the Georgia decree,[1] and (2) Kevin's income at the time of the divorce was anticipated to increase over time, and the graduated support order was premised on anticipated bonus income that did not materialize. Kevin argued that because there was more than ten percent difference between the Georgia decree and the Ohio child support guidelines, the support order should be modified. After a hearing, the magistrate determined that Kevin had not presented any evidence to demonstrate a substantial change in circumstances not contemplated at the time of the divorce. Kevin filed objections to the magistrate's decision, but the trial court overruled the objections and ordered that child support would continue in the amount of $1,100 per month.

Kevin filed a timely appeal, assigning three errors.

## II

### First Assignment of Error

"The trial court erred as a matter of law in determining that the Uniform Interstate Family Support Act as adopted in Ohio does not allow the registering tribunal to modify child support when there is a change in circumstances."

### Second Assignment of Error

---

1. The original child support order contained in the separation agreement, provided for child support in the amount of $924 per month until January 1, 1998, for $1,000 per month from January 1, 1998 to January 1, 2000, and $1,100 per month after January 1, 2000.

■■ "The trial court erred as a matter of law in determining that a ten percent deviation in child support from the date of divorce and hearing did [not] constitute a substantial change in circumstances."

Kevin asserts first that the trial court determined that the Uniform Interstate Family Support Act ("UIFSA") did not permit the court to modify the Georgia child support order when there is a change in circumstances. Neither the magistrate's decision nor the trial court's order that adopted the magistrate's decision and denied the motion to modify mentioned the impact of UIFSA on the outcome of this case.

Rather, the trial court adopted the magistrate's decision, which concluded that Kevin had "failed to demonstrate a substantial change in circumstances not contemplated by the parties at the time of the divorce and the original child support order." Rather than determine that the court could not modify the Georgia decree, the court determined that there was no evidence to support a modification. Kevin's first assignment of error is overruled as moot.

Kevin's second assignment of error suggests that the difference between the prior child support order and the Ohio support guidelines is greater than ten percent and that fact alone constitutes a substantial change in circumstances under Ohio law. This court agrees.

On January 31, 1998, Ohio adopted and codified UIFSA in Chapter 3115 of the Ohio Revised Code. The statute provides that an Ohio court may modify a prior child support order issued by a foreign jurisdiction where (1) none of the parties still resides in the foreign jurisdiction, (2) the child and obligee live in Ohio, and (3) the obligor does not live in Ohio and registers the decree to be modified in the Ohio court. R.C. 3115.48(A). When modifying the prior child support order, the trial court must apply Ohio law, except where the provision to be modified could not have been modified under the law of the original jurisdiction. R.C. 3115.48(B) and (C). See, also, *Vancott–Young v. Cummings* (May 24, 1999), Warren App. No. CA98–09–122, unreported, 1999 WL 326149.

Thus, we first turn to Georgia law to determine whether child support orders may be modified. Ga.Code Ann. 19–6–19(a) (2000) provides that either former spouse may petition for modification of a child support order filed on or after July 1, 1977. Because Georgia law allows the modification of a child support order, the trial court had the authority to modify the child support pursuant to Ohio law, if appropriate. In Ohio, if the recalculation of the child support worksheet yields a child support obligation that differs by more than ten percent from an existing child support order, the trial court must find that there is a "change of circumstance that is substantial enough to require a modification * * * of child support." R.C. 3113.215(B)(4).

In the instant case, the parties stipulated that the existing Georgia order was for child support of $1,100 per month,[2] that Kevin earned $80,600 and Jill earned $20,800, and that based on the parties' incomes Kevin's child support obligation pursuant to Ohio guidelines would be $764.16 per month. This constitutes a substantial change in circumstances pursuant to Ohio law. R.C. 3113.215(B)(4); *DePalmo v. DePalmo* (1997), 78 Ohio St.3d 535, 539, 679 N.E.2d 266, 269–270.

Jill argues that because the Georgia decree incorporated the parties' agreement on child support, which deviated from the Georgia guidelines, the result is not a child support order that can be subjected to the ten-percent test. We find this argument to be without merit. The separation agreement was incorporated into the decree of divorce and had the force of a court order. Furthermore, the Supreme Court of Ohio has already rejected this argument in *DePalmo, supra,* which dealt with the modification of a separation agreement that provided for no child support payment to the custodial father. The court concluded that the "agreement versus order" argument is "a distinction without a difference and is immaterial to whether child support should be calculated according to the statutory guidelines." *Id.* Thus, the Supreme Court held in *DePalmo:*

"1. Whether a court is establishing an initial child support order or whether the court is modifying an order based on agreement between parties that does not include any order for the payment of child support, the court must apply the Child Support Guidelines as required by the standards set out in *Marker v. Grimm* (1992), 65 Ohio St.3d 139, 601 N.E.2d 496.

"2. When the court is modifying a preexisting order for the payment of child support, the court must apply the ten percent test established by R.C. 3113.215(B)(4) in the Child Support Guidelines and the standards set out in *Marker v. Grimm* (1992), 65 Ohio St.3d 139, 601 N.E.2d 496." *DePalmo, supra,* at paragraphs one and two of the syllabus.

*DePalmo* makes clear that under the instant circumstances, the child support guidelines must be used, and the ten-percent test applied to determine whether a modification is appropriate.

The trial court erred as a matter of law when it failed to find a substantial change in circumstances warranting modification of child support.

## III

Third Assignment of Error

---

2. Effective January 1, 2000. Cf. footnote 1.

■ "The trial court erred in finding no reason to deviate from the child support guidelines."

Kevin's third assignment of error states that the trial court should have found that there were reasons to deviate from the Ohio support guidelines. The trial court did not resort to the Ohio Child Support Guidelines in the first instance. Consequently, the court did not consider the evidence of Kevin's high debt structure and high visitation/travel costs in terms of whether these matters provide reason to deviate from the child support guidelines. Given our resolution of the second assignment of error and our remand of the cause, we overrule the third assignment of error as not yet ripe for review.

## IV

We have sustained Kevin's second assignment of error and determined that the trial court erred as a matter of law in failing to find sufficient change in circumstances to modify the existing child support order. We have also overruled Kevin's first and third assignments of error. The judgment of the trial court is reversed, and the cause is remanded for further action consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

BATCHELDER, P.J., and WHITMORE, J., concur.