DECISION AND JOURNAL ENTRY
{¶ 1} Appellants, Raymond J. Rehor and Mary Ann Rehor (the "Rehors"), appeal from the judgment of the Summit County Court of Common Pleas that granted the motion to stay proceedings and direct arbitration jointly filed by Appellees, Boggs Custom Homes, Inc. ("BCH") and Thomas Boggs and Jeffrey Boggs (collectively, the "Boggs"), and ordered the parties to submit to arbitration. We reverse and remand.
 I. {¶ 2} BCH is an Ohio corporation engaged in the construction and sale of single-family residences. The Boggs are the principal officers and shareholders of BCH. On or about May 7, 2003, BCH and the Rehors entered into a written Cost Plus Construction Contract ("Agreement") for the construction of a home for the Rehors at 3289 Gullane Drive, Richfield, Ohio, in Summit County, and BCH was to act as the general contractor. BCH began work on the home in late May 2003.
 {¶ 3} The Rehors asserted that during the construction of the home, they became concerned with the quality of materials used by various subcontractors and the degree of supervision exercised by BCH during construction. On or about November 2003, the parties mutually terminated the Agreement; they agreed that BCH would no longer act as contractor for the construction, except that BCH's subcontractors would complete the installation of the concrete basement floor and the soffet work for the home.
 {¶ 4} However, a dispute arose regarding the payment of $40,395.51 for certain materials, labor, and services BCH asserted it rendered in the construction of the home. BCH sent an invoice to the Rehors for this outstanding balance, but the Rehors failed to pay it. BCH then filed and served an affidavit for a mechanic's lien on and against the home.
 {¶ 5} Thereafter, BCH's counsel sent an arbitration demand letter dated January 8, 2004 to the Rehors' attorney, requesting arbitration with the Better Business Bureau (the "BBB") pursuant to the arbitration clause contained in the Agreement. This clause provides, in pertinent part:
"4.1 Agreement to Arbitrate: You and we agree to submit any dispute arising under this agreement, with the exception of disputes alleging criminal or statutory violations, to binding arbitration in accordance with the Rules of the Better Business Bureau (Binding). A volunteer BBB arbitrator will render a decision that the arbitrator considers to be fair; in doing so, the arbitrator is not required to apply legal principles. * * * This Agreement to Arbitrate affects important legal rights. Neither of us will be able to go to court for disputes that must be arbitrated. * * *"
In a letter dated January 22, 2004, the Rehors' attorney responded to the BCH's arbitration demand letter, demanding a removal of the mechanics' lien. The letter indicated that the Rehors did not wish to submit to arbitration at that time, stating, "The damages are still being sustained and will not be ascertainable until construction of their home is at or near completion. They desire to arbitrate all disputes on a consolidated basis."
 {¶ 6} On February 5, 2004, BCH filed a complaint against the Rehors seeking arbitration pursuant to the Agreement, or, in the alternative, judgment on the amount of money owed to BCH for its labor, materials, and services; and asserting its purported rights to foreclose upon the Rehors' home to enforce the mechanic's lien it held against the property.
 {¶ 7} On March 9, 2004, the Rehors filed an answer, in which they asserted, inter alia, that BCH had waived their right to arbitrate. In addition, the Rehors filed a counterclaim against BCH, as well as a third-party complaint naming the Boggs as third party defendants. The Rehors alleged ten causes of action against BCH and the Boggs, all of which arise under the Agreement. On March 17, 2004, the Boggs filed their answer to the third-party complaint, and BCH filed its reply to the counterclaim.
 {¶ 8} On April 2, 2004, the Rehors served their combined first set of interrogatories and request for production of documents upon BCH. BCH did not respond to the discovery request, but instead filed a motion to stay proceedings and direct arbitration jointly with the Boggs on April 9, 2004. The Rehors filed a brief in opposition to the motion to stay, arguing that BCH waived their right to arbitrate, and that their third-party claims against the Boggs do not fall within the scope of the arbitration clause.
 {¶ 9} On June 17, 2004, the trial court granted the motion to stay proceedings and direct arbitration. The court stayed the proceedings and discovery and ordered the parties to submit to binding arbitration in accordance with the rules of the BBB.
 {¶ 10} On June 28, 2004, the Rehors filed a motion for reconsideration of the trial court's order, arguing that certain claims asserted were not arbitrable. BCH responded to the motion, maintaining that a reading of the arbitration clause proved these assertions untrue. The court denied the motion, and once again ordered the parties to submit to arbitration.
 {¶ 11} The Rehors timely appealed to this Court from the trial court's June 17, 2004 order, asserting one assignment of error for review.
 II. Assignment of Error
"The trial court erred by granting the Plaintiffs/Apellees' motion to stay and refer to arbitration."
 {¶ 12} In their sole assignment of error, the Rehors contend that the trial court erred when it granted the motion to stay and order arbitration, asserting that the Boggs and BCH had waived their right to arbitration, and that various claims asserted by the parties did not fall within the scope of the arbitration clause.
 {¶ 13} A presumption arises in favor of arbitration when the claim in dispute falls within the scope of the arbitration provision. Williams v.Aetna Fin. Co. (1998), 83 Ohio St.3d 464, 471. "Therefore, a court should give effect to an arbitration provision in a contract between the parties `unless it may be said with positive assurance that the subject arbitration clause is not susceptible to an interpretation that covers the asserted dispute.'" Harrison v. Toyota Motor Sales, U.S.A., Inc.
(Apr. 10, 2002), 9th Dist. No. 20815, 2002-Ohio-1642, at ¶ 9, quotingNeubrander v. Dean Witter Reynolds, Inc. (1992), 81 Ohio App.3d 308,311. If a trial court deems the issue referable to arbitration under the arbitration clause, the court must then stay the trial court proceedings so that the matter may proceed to arbitration. R.C. 2711.02(B).
 {¶ 14} As part of their contentions on appeal, the Rehors' contend that the trial court granted the motion to stay proceedings and to compel arbitration, but did not specify any grounds for its decision. Specifically, they complain that the trial court's order compelling arbitration does not specify which claims are to proceed to arbitration, and assert that the trial court erred to the extent that it stayed the litigation of certain claims that it maintains are not subject to the arbitration clause. Additionally, we observe, that, while the parties briefed the issue of waiver below, the court did not address this issue in its order.
 {¶ 15} Revised Code Chapter 2711 authorizes direct enforcement of arbitration agreements through an order to compel arbitration pursuant to R.C. 2711.03, and indirect enforcement of such agreements pursuant to an order staying trial court proceedings under R.C. 2711.02. Maestle v. BestBuy Co., 100 Ohio St.3d 330, 2003-Ohio-6465, at ¶ 14. A party may choose to move for a stay, petition for an order to proceed to arbitration, or seek both. Id. at ¶ 18.
 {¶ 16} In this case, the Boggs and BCH moved for what is essentially a joint motion to stay proceedings and a motion to compel. In Maestle, the Supreme Court of Ohio noted that a motion to compel arbitration and a motion to stay proceedings are separate and distinct procedures that serve different purposes. Id. at ¶ 17. The Supreme Court held that a trial court, in disposing of a motion to stay proceedings pending arbitration pursuant to R.C. 2711.02, is not required to hold a hearing as provided in R.C. 2711.03, which governs a motion to compel arbitration. Id. at ¶ 19. R.C. 2711.02(B) states in pertinent part:
"If any action is brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which the action is pending, upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration, shall on application of one of the parties stay the trial of the action until the arbitration of the issue has been had in accordance with the agreement * * *."
The Court stated that R.C. 2711.02 does not on its face require a hearing, and therefore, the Court refused to read into this section an implicit requirement for a hearing on a motion to stay proceedings.Maestle at ¶ 19. However, R.C. 2711.03(A) specifically provides, that,
"[t]he court shall hear the parties, and, upon being satisfied that the making of the agreement for arbitration or the failure to comply with the agreement is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the agreement." (Emphasis added.)
It follows, that, pursuant to the plain language of R.C. 2711.03, a trial court is explicitly required to hold a hearing on a motion to compel arbitration. A hearing is especially necessary when the parties contest the scope of the arbitration clause.
 {¶ 17} It does not appear from the record that a hearing of any sort was held on either matter. To the extent that the court ordered the parties to proceed to arbitration, the court was first required to hold a hearing on the motion. See Maestle at ¶ 19.
 {¶ 18} Accordingly, we sustain the Rehors' assignment of error solely on this basis, and remand the case to the trial court so that it may hold a hearing on the issues of waiver, and, if appropriate, the arbitrability of the various claims asserted, and to modify its judgment accordingly. Therefore, this Court does not address the merits of these arguments at this time.
 III. {¶ 19} The Rehors' sole assignment of error is sustained insofar as the court failed to hold a hearing. The judgment of the Summit County Court of Common Pleas is reversed, and the cause is remanded to the trial court for further proceedings consistent with this decision.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
Exceptions.
Slaby, P.J. Carr, J. Concur