DECISION AND JUDGMENT ENTRY
{1} Appellant, Fernando Alvarez, appeals his conviction in the Wood County Court of Common Pleas for felonious assault. For the reasons that follow, we affirm the judgment of the trial court.
{2} On April 7, 2005, appellant was indicted for the felonious assault of Brian Lenhart. A jury trial commenced on March 14, 2006. Lenhart testified that on February *Page 2 
19, 2005, he met some friends at a Bowling Green, Ohio bar where he consumed one beer. Lenhart and friends then decided to go to another bar named Kamikaze's. The group ordered drinks and sat at a table. Lenhart testified that he immediately noticed a man dressed in white, dancing erratically on the dance floor. The dance floor was not crowded. Lenhart identified the man as appellant. Lenhart testified that appellant began dancing directly in front of his table. Because he wanted appellant to move farther away from the table,
{3} Lenhart gave appellant a "pat on the butt." Appellant reacted by grabbing Lenhart's coat collar, pushing him into his girlfriend and warning Lenhart not to touch him. Lenhart apologized and appellant walked to a seat at the bar. Lenhart testified that he thought at that point that the incident was over.
{4} Seconds later, appellant walked toward Lenhart's table and lunged at him. The two began to struggle. Lenhart was holding appellant's wrist and saw that appellant was holding a knife. Both men fell to the floor. Lenhart's girlfriend attempted to pull Lenhart away from appellant but this only made Lenhart more vulnerable to the knife so he pushed his girlfriend away. At that point, appellant's knife fell out of his hand onto the floor and he was restrained by bar employees.
{5} On April 7, 2005, appellant was indicted on one count of felonious assault, a violation of R.C. 2903.11(a)(2) and a felony of the second degree. He was found guilty by a jury and sentenced to serve four years in prison. Appellant now appeals setting forth the following assignments of error: *Page 3 
 {6} "I. The trial court erred by not granting Alvarez' Rule 29 motion for judgment of acquittal because there was insufficient evidence to prove each element of felonious assault beyond a reasonable doubt.
{7} "II. The trial court abused its discretion by not granting Alvarez' request for a presentence report.
{8} "III. The verdict was against the manifest weight of the evidence.
{9} "IV. The trial court abused its discretion by not providing the jury with Assault and Aggravated Assault instructions.
{10} "V. The trial court erred in its evidentiary ruling allowing the state to reference a possible 10 year-old felony conviction from Florida.
{11} "VI. The prosecutor vouched for witnesses and engaged in prejudicial hyperbole which was designed to influence the jury improperly.
{12} "VII. Alvarez' sentence is not supported by the facts of this case, and this court should remand this case for resentencing.
{13} In his first assignment of error, appellant contends that the court erred in denying his Crim.R. 29 motion for acquittal. When reviewing the denial of a Crim.R. 29(A) motion, an appellate court evaluates whether the evidence is such that reasonable minds can differ as to whether each material element of the crime charged has been proven beyond a reasonable doubt. See State v. Bridgeman (1978),55 Ohio St.2d 261, 263. The standard is the same as is used to review a sufficiency of the evidence claim. State v. Carter (1995), 72 Ohio St.3d 545, 553. The test is, viewing the evidence in a *Page 4 
light most favorable to the prosecution, could any rational trier of fact have found the essential elements of the crime proven beyond a reasonable doubt. State v. Thompkins (1997), 78 Ohio St.3d 380, 390
(Cook, J., concurring), superceded by state constitutional amendment on other grounds.
{14} The elements of R.C. 2903.11(A)(2), felonious assault, are as follows:
{15} "(A) No person shall knowingly do either of the following:
{16} "* * *
{17} "(2) Cause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance."
{18} Appellant contends that the knife in his possession was not a deadly weapon. Rather, it was a small utility knife that he used in the performance of his job. Appellant also contends that he never threatened Lenhart with the knife.
{19} Appellant's arguments are without merit. R.C. 2923.11(A) defines a deadly weapon as follows: "any instrument, device, or thing capable of inflicting death, and designed or specially adapted for use as a weapon, or possessed, carried, or used as a weapon." The Committee Comment to R.C. 2923.11(A) specifically mentions a knife as an example of a deadly weapon. As for appellant's contention that he never threatened Lenhart with the knife, Lenhart testified that appellant ran toward him with his arm elevated while holding a knife. Lenhart's friend, Jason Moore, testified that he saw appellant running toward Lenhart while holding "something" in his hand. Based on the trial testimony, we conclude that a jury could have found beyond a reasonable doubt that *Page 5 
appellant attempted to cause physical harm to Lenhart by means of a deadly weapon. Accordingly, the trial court did not err in denying the motion for acquittal and appellant's first assignment of error is not well-taken.
{20} In his second assignment of error, appellant contends that the trial court abused its discretion in denying appellant's request for a presentence report. Crim.R. 32.2, governing presentence investigations, mandates that such reports are required only in instances when the court imposes community control sanctions or probation. Thus, as appellant was sentenced to a prison term, there was no requirement that the court order a presentence investigation report. See State v. Cyrus (1992),63 Ohio St.3d 164, syllabus. Appellant's second assignment of error is found not well-taken.
{21} In his third assignment of error, appellant contends that the verdict was against the manifest weight of the evidence.
{22} Under a manifest weight standard, an appellate court sits as a "thirteenth juror" and may disagree with the fact-finder's resolution of the conflicting testimony. State v. Thompkins, supra at 387. The appellate court, "`reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against conviction.'" Id., quoting State v. Martin (1983), 20 Ohio App.3d 172,175. *Page 6 
 {23} Appellant argues that when Lenhart initially touched him, he was afraid that Lenhart was trying to steal his wallet. The jury heard testimony from Lenhart and his friends, who where present that night, that Lenhart lightly tapped appellant on the buttocks. Lenhart and his friends testified that appellant walked away for a few minutes before he returned to their table. Lenhart testified that appellant lunged at him with a knife. Bowling Green Police officer Daniel Mancuso testified that he recovered a knife at the scene. We have thoroughly reviewed the record in this case and we find no indication that the jury lost its way or created a manifest miscarriage of justice in finding appellant guilty of the offense of felonious assault. Appellant's third assignment of error is found not well-taken.
{24} In appellant's fourth assignment of error, he contends that the trial court abused its discretion in failing to instruct the jury on the offense of aggravated assault.
{25} Generally, requested jury instructions should be given if they are a correct statement of the law as applied to the facts in a given case. Murphy v. Carrollton Mfg. Co. (1991), 61 Ohio St.3d 585. "* * * [A] court's instructions to the jury should be addressed to the actual issues in the case as posited by the evidence and the pleadings."State v. Guster (1981), 66 Ohio St.2d 266, 271. Further, a determination as to jury instructions is a matter left to the sound discretion of the trial court. Id. "In reviewing a record to ascertain the presence of sufficient evidence to support the giving of an * * * instruction, an appellate court should determine whether the record contains evidence *Page 7 
from which reasonable minds might reach the conclusion sought by the instruction." Feterle v. Huettner (1971), 28 Ohio St.2d 54, syllabus.
{26} The elements of felonious assault, R.C. 2903.11, and aggravated assault, R.C. 2903.12, are the same, except for the mitigating factor of serious provocation found in aggravated assault. State v. Mack (1998),82 Ohio St.3d 198, 200; State v. Deem (1988), 40 Ohio St.3d 205,210-211. "Serious provocation" requires that a defendant demonstrate that he or she acted under the influence of sudden passion or in a sudden fit of rage, either of which is brought on by serious provocation occasioned by the victim that is reasonably sufficient to incite the defendant into causing serious physical harm. R.C. 2903.12. Defendant has the burden of proving the mitigating factor by a preponderance of the evidence. R .C. 2901.05; State v. Rhodes (1992), 63 Ohio St.3d 613,617.
{27} Serious provocation is established in the following manner: "First, an objective standard must be applied to determine whether the alleged provocation is reasonably sufficient to bring on a sudden passion or fit of rage. That is, the provocation must be `sufficient to arouse the passions of an ordinary person beyond the power of his or her control.' If this objective standard is met, the inquiry shifts to a subjective standard, to determine whether the defendant in the particular case `actually was under the influence of sudden passion or in a sudden fit of rage."` State v. Mack, supra, citing State v.Shane (1992), 63 Ohio St.3d 630, 634-635. *Page 8 
 {28} The record shows that Lenhart and his friends were laughing at appellant and that Lenhart lightly touched appellant. The record also shows that appellant was able to walk away from the situation only to return with a deadly weapon. While Lenhart's behavior may have been rude and inappropriate, we do not find that his behavior was sufficient to arouse the passions of an ordinary person beyond his control. Accordingly, the trial court did not abuse its discretion in failing to instruct the jury on the offense of aggravated assault. Appellant's fourth assignment of error is found not well-taken.
{29} In his fifth assignment of error, appellant contends that the trial court erred in allowing the prosecution to question appellant about his prior felony conviction. Appellant admitted on the stand that he had been convicted in Florida for a third degree felony.
{30} The admission or exclusion of relevant evidence rests within the sound discretion of the trial court. State v. Sage (1987),31 Ohio St.3d 173, paragraph two of the syllabus; State v. Bailey (1992),83 Ohio App.3d 749.
{31} "The term `abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable * * *." State v. Adams (1980),62 Ohio St.2d 151, 157.
{32} Evid.R. 404(B) provides, "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, *Page 9 
opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."
{33} Appellant argues that evidence of his prior felony was inadmissible because the prosecution did not produce a certified copy of a judgment entry showing his conviction. Evid.R. 404 does not require the prosecution to submit a certified copy of the judgment entry. Accordingly, the court did not abuse its discretion in allowing the testimony and appellant's fifth assignment of error is found not well-taken.
{34} In his sixth assignment of error, appellant alleges prosecutorial misconduct. Specifically, appellant contends that the prosecutor prejudicially vouched for his witnesses when he mentioned that Lenhart was soon to be deployed to Iraq and that another witness traveled from Chicago to testify. Appellant also contends that the prosecutor engaged in prejudicial misconduct when he asked Lenhart to identify appellant stating, "Is that the * * * same man who pulled that box cutter and tried to slice you on the neck with it?"
{35} "A prosecutor's remarks constitute misconduct if the remarks were improper and if the remarks prejudicially affected an accused's substantial rights." State v. Williams (2003), 99 Ohio St.3d 439, 447, certiorari denied (2004), 541 U.S. 963, 124 S.Ct. 1722, 158 L.Ed.2d 406, citing State v. Smith (1984), 14 Ohio St.3d 13. "The touchstone of this analysis `is the fairness of the trial, not the culpability of the prosecutor."` Id., quoting Smith v. Phillips (1982), 455 U.S. 209, 219,102 S.Ct. 940, 71 L.Ed.2d 78. *Page 10 
 {36} In this case, however, appellant waived all but plain error by failing to object to the prosecutor's remarks at trial. State v.Slagle (1992), 65 Ohio St.3d 597, 604. Under the plain error doctrine, reversible error occurs only if "but for the error, the outcome of the trial clearly would have been otherwise." State v. Long (1978),53 Ohio St.2d 91, paragraph two of the syllabus.
{37} This court has considered the entire record of proceedings that was before the trial court and, upon consideration thereof and the law, we find no indication that a manifest miscarriage of justice occurred that clearly affected the outcome of appellant's trial. Accordingly, the prosecutor's statements do not rise to the level of plain error. Appellant's sixth assignment of error is not well-taken.
{38} In his seventh and final assignment of error, appellant contends that the evidence presented at trial did not support a four year prison sentence. Appellant essentially reargues that his conviction was against the manifest weight of the evidence. In that appellant's sentence is well within the parameters for a second degree felony, we find appellant's seventh assignment of error not well-taken.
{39} On consideration whereof, the judgment of the Wood County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Wood County.
 JUDGMENT AFFIRMED. *Page 11 
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Mark L. Pietrykowski, P.J., Arlene Singer, J., Thomas J. Osowik, J., CONCUR. *Page 1