[Cite as *Matheny v. Norton*, 2012-Ohio-2283.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

NICHOLAS MATHENY, et al.

     Appellees

     v.

CITY OF NORTON, et al.

     Appellants

C.A. No.     26166

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV 2011 01 0603

DECISION AND JOURNAL ENTRY

Dated: May 23, 2012

BELFANCE, Judge.

{¶1} Defendants-Appellants City of Norton ("the City") and Mayor David L. Koontz appeal the decision of the Summit County Court of Common Pleas granting the motion of Plaintiffs-Appellees to compel arbitration. For the reasons set forth below, we reverse.

I.

{¶2} In 2010, the City and Plaintiff-Appellee Ohio Patrolmen's Benevolent Association ("OPBA") entered into a collective bargaining agreement concerning the Norton Police Department and its employees. Plaintiff-Appellee Nicholas Matheny was a full-time police patrolman with the City at that time. Full-time police patrolmen are subject to a one-year probationary period. Mr. Matheny was terminated on October 27, 2010. The OPBA filed a grievance on behalf of Mr. Matheny, as provided for in the collective bargaining agreement, but the City refused to process the grievance. OPBA, on behalf of Mr. Matheny, attempted to

initiate arbitration proceedings, also based upon the collective bargaining agreement, but the City refused to submit to arbitration.

{¶3}    Ultimately, Mr. Matheny and OPBA filed a complaint and petition to compel arbitration pursuant to R.C. 2711.03.  Both sides filed briefs, affidavits, and evidentiary materials on the issues.  The parties dispute whether, at the time of termination, Mr. Matheny was still under the probationary period; the City and Mayor Koontz assert that Mr. Matheny's probationary period would have expired subsequent to his termination, while Mr. Matheny and the OPBA assert that Mr. Matheny's probationary period expired prior to his termination.  The City and Mayor Koontz maintained, that because Mr. Matheny was still a probationary employee when he was terminated, he could not avail himself of the grievance and arbitration provisions of the collective bargaining agreement.  Mr. Matheny and the OPBA asserted that Mr. Matheny was not a probationary employee when he was terminated and, thus, could make use of the grievance and arbitration provisions.  There seems to be no dispute that, if Mr. Matheny was not a probationary employee at the time of his termination, he could challenge his termination via arbitration.

{¶4}    Without holding a hearing specifically on the petition to compel, the trial court issued an entry "[o]rder[ing] the parties to submit the dispute as to Mr.[] M[a]theny's status as either a probationary or non-probationary employee, and thus his ability to proceed under the CBA in regards to his termination, to Arbitration."  The City and Mayor Koontz have appealed, raising a single assignment of error for our review.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED WHEN IT ORDERED THAT THE ARBITRABILITY OF APPELLEES' GRIEVANCE MUST BE REFERRED TO ARBITRATION FOR DETERMINATION.

{¶5}	The City and Mayor Koontz assert in their sole assignment of error that the trial court erred in ordering the parties to arbitration because the trial court failed to hold a hearing on the petition to compel and because the trial court erred in concluding that the arbitrator should decide Mr. Matheny's status, as opposed to the trial court.  As this Court concludes that the trial court was required to have a hearing on the petition to compel, we do not address the second portion of the City's and Mayor Koontz' argument.

{¶6}	"Revised Code Chapter 2711 authorizes direct enforcement of arbitration agreements through an order to compel arbitration pursuant to R.C. 2711.03, and indirect enforcement of such agreements pursuant to an order staying trial court proceedings under R.C. 2711.02."  *Boggs Custom Homes, Inc. v. Rehor*, 9th Dist. No. 22211, 2005-Ohio-1129, ¶ 15, citing *Maestle v. Best Buy Co.,* 100 Ohio St.3d 330, 2003-Ohio-6465, ¶ 14.  Mr. Matheny and OPBA sought relief only pursuant to R.C. 2711.03.

{¶7}	R.C. 2711.03(A) provides that:

> The party aggrieved by the alleged failure of another to perform under a written agreement for arbitration may petition any court of common pleas having jurisdiction of the party so failing to perform for an order directing that the arbitration proceed in the manner provided for in the written agreement.  * * * *The court shall hear the parties*, and, upon being satisfied that the making of the agreement for arbitration or the failure to comply with the agreement is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the agreement.

(Emphasis added.)

{¶8}    This Court has repeatedly stated that "pursuant to the plain language of R.C. 2711.03, a trial court is explicitly required to hold a hearing on a motion to compel arbitration." *Boggs Custom Homes* at ¶ 16; *see also Biondi, M.D. v. Oregon Homes, LLC,* 9th Dist. No. 25875, 2012-Ohio-1714, ¶ 6; *Chase Home Fin., LLC v. McDowell,* 9th Dist. No. 24889, 2010-Ohio-633, ¶ 9; *Krakora v. Superior Energy Sys.,* 9th Dist. No. 08CA009423, 2009-Ohio-401, ¶ 5; *Blubaugh v. Fred Martin Motors, Inc.,* 9th Dist. No. 23793, 2008-Ohio-779, ¶ 8; *Brunke v. Ohio State Home Srvs, Inc.*, 9th Dist. No. 06CA008947, 2007-Ohio-3114, ¶ 16.  This Court has further held that "[w]hen the record indicates that the trial court did not conduct a hearing, this Court will reverse without addressing the merits of the trial court's decision."  (Internal quotations and citations omitted.)  *Biondi* at ¶ 6.

{¶9}    While the record indicates that the trial court did have a pretrial hearing in this case, there is nothing in the record to indicate that the merits of Mr. Matheny's and OPBA's petition to compel were discussed or addressed.  Instead, from the record, it appears that the pretrial was more along the lines of a typical pretrial hearing where dates and deadlines were discussed.  Accordingly, pursuant to the established precedent of this court, we sustain the City's and Mayor Koontz' assignment of error in part and reverse and remand the matter to the trial court so that it can have a hearing on the petition to compel.

III.

{¶10}  In light of the foregoing, we reverse the judgment of the Summit County Court of Common Pleas and remand the matter for a hearing.

Judgment reversed
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellees.

EVE V. BELFANCE
FOR THE COURT

CARR, P. J.
DICKINSON, J.
CONCUR.

APPEARANCES:

PAUL L. JACKSON and KAREN D. ADINOLFI, Attorneys at Law, for Appellant.

JOSEPH W. DIEMERT, JR., THOMAS M. HANCULAK, and DANIEL A. POWELL, Attorneys at Law, for Appellee.

MAX RIEKER, Attorney at Law, for Appellee.