[Cite as *Matheny v. Norton*, 2013-Ohio-3798.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

NICHOLAS MATHENY, et al.

    Appellants

    v.

CITY OF NORTON, et al.

    Appellees

C.A. No.    26666

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    2011-11-0603

DECISION AND JOURNAL ENTRY

Dated: September 4, 2013

HENSAL, Judge.

{¶1} Nicholas Matheny and the Ohio Patrolmen's Benevolent Association ("the Association") appeal a judgment of the Summit County Common Pleas Court that granted summary judgment to the City of Norton and Mayor David Koontz on Mr. Matheny's and the Association's petition to compel arbitration. For the following reasons, this Court reverses.

I.

{¶2} Mr. Matheny was working as an officer for the City's police department when the City terminated him in the fall of 2010. According to the City, his termination was for disciplinary reasons. A few days after Mr. Matheny was fired, the Association filed a grievance on his behalf. Under the City and the Association's collective bargaining agreement ("the Agreement"), if a grievance is unresolved after being processed through all the steps of the grievance procedure, it may be submitted to arbitration. When the City failed to take action on the Association's grievance, therefore, the Association attempted to initiate the Agreement's

arbitration procedure. When the City refused to participate in the arbitration procedure, Mr. Matheny and the Association filed a petition to compel arbitration in the trial court. The City opposed the petition, arguing that, under the terms of the Agreement, Mr. Matheny was not entitled to use the grievance procedure because he was a probationary employee and only non-probationary employees may use the procedure to challenge disciplinary actions. Following briefing by the parties and without a hearing, the court granted the petition, concluding that the question of whether Mr. Matheny was a probationary or non-probationary employee was for an arbitrator to determine. On appeal, this Court reversed, explaining that, "pursuant to the plain language of R.C. 2711.03, a trial court is explicitly required to hold a hearing on a motion to compel arbitration." *Matheny v. City of Norton*, 9th Dist. Summit No. 26166, 2012-Ohio-2283, ¶ 8, quoting *Boggs Custom Homes, Inc. v. Rehor*, 9th Dist. Summit No. 22211, 2005-Ohio-1129, ¶ 16. This Court remanded the action to the trial court "for a hearing" under Section 2711.03(A). *Id*. at ¶ 10.

{¶3} On remand, the trial court scheduled a hearing on the petition to compel arbitration. Before the date of the hearing, however, the City and Mr. Koontz moved for summary judgment, noting that Mr. Matheny had recently filed a discrimination action in federal court. They argued that, under the terms of the Agreement, by filing "a discrimination action in a judicial forum," Mr. Matheny "waived and forfeited any remedies provided by the [g]rievance [p]rocedure," including the right to arbitration. Mr. Matheny and the Association opposed the motion, but the trial court granted it, concluding that there was no genuine issue of material fact that Mr. Matheny's filing of a discrimination action waived his right to proceed with his grievance. Mr. Matheny and the Association have appealed, assigning three errors. We have rearranged the assignments of error for ease of consideration.

II.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED BY GRANTING APPELLEES' MOTION FOR SUMMARY JUDGMENT.

{¶4} Mr. Matheny and the Association argue that the trial court incorrectly concluded that Mr. Matheny waived his right to arbitration by filing a discrimination action in federal court. They argue that, under the terms of the Agreement, Mr. Matheny's filing of a discrimination action only waived his right to resolve discrimination claims through the grievance procedure, not his claim that the City terminated him without just cause. They also argue that, under the terms of the Agreement, the issue of whether Mr. Matheny's filing of a discrimination action waived his rights under the grievance procedure is an issue for an arbitrator to determine, not the trial court. They further argue that the trial court's interpretation of the Agreement's waiver provision is against public policy.

{¶5} Article 10 of the Agreement, entitled "Grievance Procedure," provides that "[e]very employee shall have the right to present his grievance in accordance with the procedures provided herein * * *." It defines a "[g]rievance" as any "dispute or controversy arising from the misapplication or misinterpretation of the specific and express written provisions of this Agreement." Article 10 also provides that "any and all disputes arising out of the application and interpretation of this Agreement shall be resolved solely by this Agreement's Grievance and Arbitration Procedures."

{¶6} Article 11 of the Agreement is entitled "Arbitration Procedure." It provides that a party may submit a grievance to arbitration "[i]n the event [the] grievance is unresolved after being processed through [Article 10]." Article 12 is entitled "Non-Discrimination." Section 3 of that Article provides:

The Grievance Procedure set forth at Article 10 shall not be deemed to constitute a waiver of an individual employee's rights, if any, to a judicial forum for claims alleging such discrimination under antidiscrimination statutes. However, an employee who pursues a discrimination claim in a judicial forum shall automatically have waived and forfeited any remedies provided by the Grievance Procedure.

{¶7} The trial court determined that the second sentence of Article 12, Section 3 was unambiguous. It held that, by filing a discrimination action, Mr. Matheny forfeited his right to seek redress under the Agreement for any of his claims, regardless of whether they had any connection with his discrimination action. Specifically, it held that "Article 12, Section 3 cannot be reasonably interpreted to mean that an employee merely waives his or her right to pursue discrimination claims within the grievance procedures (rather than all claims) by filing the discrimination claims in a judicial forum."

{¶8} We do not agree with the trial court's assessment. In construing the language of Article 12, this Court "must read the contract as a whole to avoid abstract interpretation." *Inchaurrequi v. Ford Motor Co.*, 9th Dist. Lorain No. 98CA007187, 2000 WL 727544, *3 (June 7, 2000). We start with the fact that Article 10 "provides for a final and binding arbitration of grievances" and also provides that "any and all disputes" arising out of the Agreement shall be subject to its grievance and arbitration procedures. Immediately following the description of the grievance procedure in Article 10 and the arbitration procedure in Article 11, Article 12, entitled "Non-Discrimination," creates an exception to the broad language set forth in Article 10. The first sentence of Article 12, Section 3 provides that, notwithstanding the all-encompassing language of Article 10, an employee may file a judicial action to allege a claim of discrimination. The second sentence warns the employee, however, that, if he files a discrimination action in a judicial forum, he automatically "waive[s] and forfeit[s] any remedies provided" under Article 10.

{¶9}   One interpretation of the waiver and forfeiture language in the second sentence of Article 12, Section 3 is the one that the trial court reached, that an employee forfeits all of his rights under Article 10 if he files a discrimination action in a judicial forum, regardless of the basis of his grievance.   Under this construction, an employee forfeits his right to use the grievance procedure to resolve his just cause grievance if he files a discrimination action, even if the two issues are unrelated.   Another plausible interpretation, however, is that the filing of a discrimination action only waives the employee's right to seek redress for discrimination under the Agreement's grievance procedure.   Under this construction of the Agreement, an employee may continue to seek redress under Article 10 for grievances that are unrelated to the claims at issue in the discrimination lawsuit.

{¶10} The term "remedy" is also ambiguous under Article 12, Section 3 of the Agreement.   The word "remedy" has several meanings, two of which could apply in this case.   Webster's Third New International Dictionary provides that a remedy is "something that corrects or counteracts an evil[.]" *Webster's Third New International Dictionary* 1920 (1993).   Applying that definition in this context, it means that an employee who has been awarded back pay under the grievance procedure would forfeit that award by filing a court action seeking, for example, reinstatement or a greater damage award.   On the other hand, "remedy" can also mean "the legal means to recover a right or to prevent or obtain redress for a wrong[.]"   *Id*.   Applying that definition in this context, an employee who files a discrimination action would be prohibited from seeking redress under the grievance procedure.   This would prevent him from having two bites at the apple on his discrimination claim.

{¶11} "Although contract interpretation is normally a question of law, it becomes a question of fact when an ambiguous term necessitates the introduction of extrinsic evidence to

interpret the contract." *Maverick Oil & Gas, Inc. v. Barberton City School Dist. Bd. of Edn.*, 171 Ohio App.3d 605, 2007-Ohio-1682, ¶ 19 (9th Dist.). In addition, the Agreement specifically provides that "any and all disputes arising out of the application and interpretation of this Agreement shall be resolved solely by this Agreement's Grievance and Arbitration Procedures." We, therefore, conclude that, in light of the ambiguity in Article 12, it was improper for the trial court to grant summary judgment to the City and Mr. Koontz. Mr. Matheny's and the Association's second assignment of error is sustained.

ASSIGNMENT OF ERROR I

THE LOWER COURT ERRED WHEN IT DID NOT CONDUCT A HEARING
ON APPELLANTS' PETITION TO COMPEL ARBITRATION.

**{¶12}** In their first assignment of error, Mr. Matheny and the Association argue that the trial court incorrectly ignored this Court's remand instruction and ruled on the City's and Mr. Koontz's motion for summary judgment. They argue that this Court's precedent "dictates a reversal without addressing the merits of the trial court's decision."

**{¶13}** In our previous decision in this case, we noted that Revised Code Section 2711.03(A) provides that "[t]he court shall hear the parties * * *." *Matheny*, 2012-Ohio-2283 at ¶ 7, quoting R.C. 2711.03(A). We explained that, in construing that language, we had "repeatedly stated that 'pursuant to the plain language of R.C. 2711.03, a trial court is explicitly required to hold a hearing on a motion to compel arbitration.'" *Id*. at ¶ 8, quoting *Boggs Custom Homes*, 2005-Ohio-1129 at ¶ 16. We also pointed out that we had held that, "[w]hen the record indicates that the trial court did not conduct a hearing, this Court will reverse without addressing the merits of the trial court's decision." *Id*., quoting *Biondi, M.D. v. Oregon Homes, LLC*, 9th Dist. Summit No. 25875, 2012-Ohio-1714, ¶ 6. We, therefore, remanded this action to the trial court "for a hearing" on the petition to compel arbitration. *Id*. at ¶ 10.

**{¶14}** The doctrine of law of the case "provides that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels." *Nolan v. Nolan*, 11 Ohio St.3d 1, 3 (1984). The function of the doctrine is "to compel trial courts to follow the mandates of reviewing courts." *Id*. "Thus, where at a rehearing following remand a trial court is confronted with substantially the same facts and issues as were involved in the prior appeal, the court is bound to adhere to the appellate court's determination of the applicable law." *Id*.

**{¶15}** Mr. Matheny and the Association argue that, per this Court's remand instructions, the lower court had to hold a hearing before ruling on its petition to compel arbitration. Subsequent to this Court's remand, however, Mr. Matheny filed a discrimination action, which triggered the dispute over whether his action forfeited his right to arbitration. Accordingly, the trial court was not "confronted with substantially the same facts and issues" on remand. *Id*. While this Court has generally held that a trial court must hold a hearing before ruling on a petition to compel arbitration, we have recognized that an exception can be made depending on the circumstances of a particular case. *Eagle v. Fred Martin Motor Co.*, 157 Ohio App.3d 150, 2004-Ohio-829, ¶ 22-23 (9th Dist.). The City's and Mr. Koontz's motion for summary judgment in this case was on an issue that was completely separate from the issue initially raised by the petition to compel arbitration (whether Mr. Matheny was a probationary or non-probationary employee) and there was extensive briefing by the parties on that issue. We, therefore, conclude that the court did not err when it ruled on the motion for summary judgment without conducting a hearing. Mr. Matheny's and the Association's first assignment of error is overruled.

ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED BY NOT GRANTING APPELLANTS' PETITION TO COMPEL ARBITRATION.

{¶16} In their third assignment of error, Mr. Matheny and the Association argue that the City and Mr. Koontz failed to establish that the arbitration clause does not apply. Their argument, however, relates to the issue of whether Mr. Matheny was a probationary or non-probationary employee. The trial court did not address that question in its decision and has not held a hearing on whether that issue should be submitted to arbitration as this Court previously directed. Accordingly, we conclude that Mr. Matheny's and the Association's third assignment of error is not ripe for review, and it is overruled on that basis. *Cook v. Cook*, 143 Ohio App.3d 687, 692 (9th Dist.2001).

III.

{¶17} Because the Agreement is ambiguous, we conclude that the trial court incorrectly granted summary judgment to the City and Mr. Koontz on the issue of whether Mr. Matheny waived his right to arbitration. The judgment of the Summit County Common Pleas Court is reversed, and this matter is remanded for proceedings in accordance with this decision.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellees.

 

JENNIFER HENSAL
FOR THE COURT

 

WHITMORE, J.
CONCURS.

BELFANCE, P. J.
CONCURRING IN JUDGMENT ONLY.

{¶18} I concur in the majority's judgment because I agree that the trial court's decision must be reversed. However, I would conclude that the trial court was required to hold a hearing on the motion to compel pursuant to our remand instructions. *Matheny v. Norton,* 9th Dist. Summit No. 26166, 2012-Ohio-2283, ¶ 8. The issue of whether Mr. Matheny waived the right to arbitrate any of his claims set forth an additional argument by the City and Mr. Koontz that Mr. Matheny's claims were not subject to arbitration. In other words, the City and Mr. Koontz were opposing Mr. Matheny's motion to compel by raising additional arguments in opposition to the motion. Thus, the trial court should have conducted a hearing and, upon doing so, applied *Council of Smaller Ents. v. Gates, McDonald & Co.,* 80 Ohio St.3d 661, 665-666 (1998). The

principles outlined in *Gates* provide the trial court with a framework for determining the "reach of [the] arbitration clause." *Id.* at 665. Accordingly, I concur in the majority's judgment.

APPEARANCES:

JOSEPH W. DIEMERT, JR., THOMAS M. HANCULAK, and DANIEL A. POWELL, Attorneys at Law, for Appellant.

MAX RIEKER, Attorney at Law, for Appellant.

PAUL L. JACKSON and KAREN D. ADINOLFI, Attorneys at Law, for Appellees.