[Cite as *Stow Firefighters, IAFF Local 1662 v. Stow*, 2011-Ohio-1558.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

STOW FIREFIGHTERS,
IAFF LOCAL 1662

     Appellant

    v.

CITY OF STOW

     Appellee

C.A. No.      25090


APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.      CV 2008-12-8916

DECISION AND JOURNAL ENTRY

Dated: March 31, 2011

DICKINSON, Presiding Judge.

INTRODUCTION

{¶1} Firefighter Rod Yoder filed a grievance with the City of Stow after the City terminated his employment due to his failure to pass a fitness-for-duty evaluation by a psychologist. Mr. Yoder had previously been disciplined for an incident involving unprofessional behavior toward a member of the City's Parks Department. At that time, the fire chief told Mr. Yoder that he would be placed on involuntary paid leave until he completed a fitness-for-duty evaluation. Mr. Yoder's collective bargaining representative, Local 1662 of the International Association of Firefighters, filed a grievance on his behalf. Following an unsatisfactory report from the psychologist, the chief placed Mr. Yoder on unpaid leave until he could be deemed fit for duty. The first grievance then went to arbitration. When Mr. Yoder's unpaid leave expired without him passing a fitness-for-duty evaluation, the chief terminated his employment with the fire department. The Union filed a second grievance on Mr. Yoder's

behalf contesting the termination. This opinion addresses only the second grievance. The first grievance is addressed in an opinion in a companion case, *Stow Firefighters, IAFF Local 1662 v. City of Stow*, Case Number 25209, which is also being filed today.

{¶2} The City refused to arbitrate the second grievance, arguing that a discharge due to unfitness for duty is not subject to the grievance procedure under the parties' collective bargaining agreement. According to the City, that dispute should be referred to the Stow Municipal Civil Service Commission under Section 124.34 of the Ohio Revised Code and Rule IX of the Civil Service Commission Rules for the City of Stow. The Union, on the other hand, argued that the discharge was disciplinary and covered by Article XIII of the collective bargaining agreement.

{¶3} After the arbitrator who had heard the first grievance denied the Union's motion to reopen, the Union filed a complaint to compel arbitration in the Summit County Common Pleas Court. Both sides filed motions for summary judgment. The trial court denied the Union's motion, granted the City's motion, and dismissed the Union's complaint because "the underlying grievance is not a matter for arbitration." The Union has appealed, assigning three errors for review. This Court reverses the judgment of the trial court because the City failed to demonstrate that the exclusionary language of the otherwise standard arbitration provision in the collective bargaining agreement explicitly excludes this type of grievance.

## ARBITRABILITY

{¶4} In the form of separate assignments of error, the Union has offered three reasons why its dispute with the City is arbitrable and, therefore, the trial court incorrectly ruled on the cross motions for summary judgment and dismissed the complaint. The Union's first assignment of error is that the trial court incorrectly denied its motion and granted the City's motion for

summary judgment because it incorrectly interpreted the collective bargaining agreement to exclude the Union's grievance from arbitration.

{¶5} "'[A]rbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit.' . . . This axiom recognizes the fact that arbitrators derive their authority to resolve disputes only because the parties have agreed to submit such grievances to arbitration." *Council of Smaller Enters. v. Gates, McDonald & Co.*, 80 Ohio St. 3d 661, 665 (1998) (quoting *AT & T Techs. Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 648-49 (1986)). "[T]he question of arbitrability—whether a[n] . . . agreement creates a duty for the parties to arbitrate the particular grievance—is undeniably an issue for judicial determination." *Id.* at 666 (quoting *AT & T Techs.*, 475 U.S. at 649). The court, however "is not to rule on the potential merits of the underlying claims" "in deciding whether the parties have agreed to submit a particular grievance to arbitration[.]" *Id.* (quoting *AT & T Techs.*, 475 U.S. at 649).

{¶6} The Ohio Supreme Court has held that a presumption in favor of arbitrability applies if parties to a contract have included a valid arbitration clause, but one party has opposed arbitration on the basis that the contract does not require arbitration of the particular issue. *Council of Smaller Enters. v. Gates, McDonald & Co.*, 80 Ohio St. 3d 661, 666-67 (1998). "[W]here the contract contains an arbitration clause, there is a presumption of arbitrability in the sense that '[a]n order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage.'" *Id.* at 666 (quoting *AT & T Techs. Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650 (1986)). "The burden is on the party contesting arbitrability to demonstrate that the language in the collective

bargaining agreement excludes a dispute from arbitration." *Toledo Police Patrolman's Ass'n, Local 10 v. City of Toledo*, 127 Ohio App. 3d 450, 458 (1998).

{¶7} If the agreement contains broad arbitration language, the question is "whether, because of express exclusion or other forceful evidence, the dispute over the interpretation of [the provision at issue] is not subject to the arbitration clause." *Council of Smaller Enters. v. Gates, McDonald & Co.*, 80 Ohio St. 3d 661, 667-68 (1998) (quoting *AT & T Techs. v. Commc'ns Workers of Am.*, 475 U.S. 643, 652 (1986)). As the Ohio Supreme Court explained in the *Council of Smaller Enterprises* case, the question for this Court is "'strictly confined' . . . to whether the parties agreed to submit disputes over the meaning of [the disputed provision] to arbitration. [If] the . . . agreement contains a standard arbitration clause, the answer must be affirmative unless the contract contains explicit language stating that disputes respecting [the disputed provision] are not subject to arbitration, or unless the party opposing arbitration . . . adduces 'the most forceful evidence' to this effect from the bargaining history." *Id.* at 668 (quoting *AT & T Techs.*, 475 U.S. at 654-55 (Brennan, J., concurring)). "[D]etermining arbitrability does not require the court even to consider which party is correct with respect to the meaning of [the disputed provision of the collective bargaining agreement]." *AT & T Techs.*, 475 U.S. at 655 (Brennan, J., concurring).

{¶8} The collective bargaining agreement at issue in this case provides that "[a] grievance is a dispute between the City and the Union or an employee or group of employees, as to the interpretation, application or violation of any terms or provisions of this Agreement, excluding those terms or provisions, or any part thereof governed by ordinances, Charter or those terms or provisions, or any part thereof, under the jurisdiction of the Civil Service Rules and Regulations." The agreement further provides that "[a]ny grievance shall be remedied" through

the procedure described in Article XIII of the contract. Step Four of that procedure permits the union to appeal an unfavorable decision to arbitration. The agreement also provides that "[t]he decision of the arbitrator shall be final and binding on the parties."

{¶9} The Union submitted a grievance using a pre-printed form. On the part of the form captioned "Alleged Contract Violation," it wrote: "Article XII, and all other applicable Articles of Collective Bargaining Agreement." Article XII deals with "Disciplinary Procedure" and, among other things, provides that "[d]iscipline shall be imposed only for just cause." On the part of the form captioned "Brief Description of Violation," it wrote, in part, that "Mayor Karen Fritschel sent notice to Firefighter Rod Yoder that his employment with the City of Stow was being terminated on the alleged basis that [he] was unfit to return to work without conditions or restrictions. The City's termination of Firefighter Yoder on the alleged basis of his inability to return to work is a pretext for discipline that is without just cause." As a remedy, the Union requested, among other things, that Mr. Yoder's termination be rescinded and that he be compensated for "any wages and/or benefits lost as a result of the wrongful termination[.]"

{¶10} The Union has argued that the broad arbitration language in the collective bargaining agreement requires arbitration of any challenge to the disciplinary procedure under Article XII. In response, the City has argued that the arbitration clause contains a specific exclusion covering this grievance. The City has argued that Mr. Yoder was removed due to a failure to pass a fitness-for-duty evaluation by a psychologist, which did not stem from his disciplinary suspension for the incident involving the Parks Department employee.

{¶11} Although otherwise broad, the arbitration clause excludes from arbitration "those terms or provisions, or any part thereof, under the jurisdiction of the Civil Service Rules and Regulations." According to the City, Rule IX of the City of Stow Municipal Civil Service

Commission Rules covers Mr. Yoder's removal for non-fitness for duty. Rule IX governs "Reductions, Suspension, and Removals." It provides that "[t]he tenure of every officer or employee in the classified service of the City shall be during good behavior and efficient service and no such officer or employee shall be reduced in pay or position, suspended, or removed, except for incompetency, inefficiency, dishonesty, drunkenness, immoral conduct, insubordination, discourteous treatment of the public, neglect of duty, or any other failure of good behavior, or any other acts of misfeasance, malfeasance, or nonfeasance in office." Rule IX further provides that an employee who has been removed may file an appeal with the City's Civil Service Commission and, in the case of a removal from the fire department, "an appeal on questions of law and fact may be had from the decision of the Commission to the Court of Common Pleas." Relying on Rule IX, the City has argued that a removal for "incompetency" or "inefficiency[,]" is excluded from arbitration by the exclusionary language of the arbitration clause regarding those terms or provisions under the jurisdiction of the Civil Service Rules and Regulations. The City admits, however, that disciplinary removals are "expressly subject to the grievance-arbitration process" of the collective bargaining agreement and are not subject to Rule IX of the Stow Municipal Civil Service Rules. According to the City's argument, the question of arbitrability turns on whether the Union's grievance challenges a disciplinary or a non-disciplinary removal.

{¶12} In its grievance, the Union alleged that the City violated a specific provision of the collective bargaining agreement while the City has denied that it violated it based on how the City has characterized its own action. Both arguments are reasonable, albeit contrary, interpretations of the factual situation and the language of the collective bargaining agreement. Although the City has presented an argument regarding how the contract language indicates that

the parties intended to exclude this type of grievance from arbitration, it has not cited any explicit language to that effect. The City's argument does not rise to the level of "express exclusion or other forceful evidence" sufficient to carry the City's burden in this case. *Council of Smaller Enters. v. Gates, McDonald & Co.*, 80 Ohio St. 3d 661, 666 (1998) (quoting *AT & T Techs. Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 652 (1986)); *Toledo Police Patrolman's Ass'n, Local 10 v. Toledo*, 127 Ohio App. 3d 450, 458 (1998) ("The burden is on the party contesting arbitrability to demonstrate that the language in the collective bargaining agreement excludes a dispute from arbitration."). This Court is unable to say "with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *Council of Smaller Enters.*, 80 Ohio St. 3d at 666 (quoting *AT & T Techs. Inc.*, 475 U.S. at 650). Therefore, we must resolve our doubts in favor of coverage. *Id.* The Union's first assignment of error is sustained.

## OTHER ASSIGNMENTS OF ERROR

{¶13} The Union's second assignment of error is that the trial court incorrectly denied its motion for summary judgment and granted the City's motion for summary judgment because it incorrectly ruled on the potential merits of the underlying claim. Its third assignment of error is that the trial court incorrectly denied its motion for summary judgment and granted the City's motion for summary judgment because it misconstrued Section 4117.10(A) of the Ohio Revised Code to exclude the Union's grievance from arbitration. In light of this Court's determination that the dispute is arbitrable, these assignments are moot. Therefore, this Court will not address the remaining arguments. See App. R. 12(A)(1)(c).

CONCLUSION

**{¶14}** The Union's first assignment of error is sustained because the trial court incorrectly ruled that the grievance was not arbitrable under the contract. The Union's grievance challenging Mr. Yoder's termination should have been sent to arbitration under the collective bargaining agreement because the City failed to demonstrate that the exclusionary language of the otherwise standard arbitration provision explicitly excluded this type of grievance. The Union's second and third assignments of error are moot. The Judgment of the Summit County Common Pleas Court is reversed, and the cause is remanded for proceedings consistent with this opinion.

Judgment reversed,
and cause remanded.

——

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

CLAIR E. DICKINSON
FOR THE COURT

CARR, J.
WHITMORE, J.
CONCUR

APPEARANCES:

RYAN J. LEMMERBROCK, Attorney at Law, for Appellant.

BRIAN A. REALI, Law Director, and KELLEY BRYAN, Assistant Law Director, for Appellee.

R. SCOTT HARVEY, Attorney at Law, for Appellee.