[Cite as *Biondi v. Oregon Homes, L.L.C.*, 2013-Ohio-1770.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

JAMES X. BIONDI, MD, et al.

    Appellees

    v.

OREGON HOMES, LLC

    Appellant

C.A. No.    26543

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV-2010-11-7618

DECISION AND JOURNAL ENTRY

Dated: May 1, 2013

BELFANCE, Presiding Judge.

{¶1}    Defendant-Appellant Oregon Homes, L.L.C. appeals from an order of the Summit County Court of Common Pleas denying its motion to compel arbitration. For the reasons set forth below, we affirm.

I.

{¶2}    This Court has previously summarized the facts of this matter in the prior appeal:

John X. Biondi, Thomas F. Bear, MD, Sandra V. Hazra, MD, and Lawrence M. Saltis, MD (collectively "Appellees") are each 5% members of Oregon Homes, LLC. They entered into an operating agreement with respect to Oregon Homes on July 7, 2006[, which contained an arbitration clause]. Subsequently, Oregon Homes executed promissory notes in favor of First Merit Bank, N.A. Appellees executed guaranties on the notes guaranteeing payment to First Merit of all sums due from Oregon Homes pursuant to the notes. Later when Oregon Homes failed to pay amounts due to First Merit, Appellees were required to pay in accordance with their respective guaranties.

On November 12, 2010, Appellees filed suit pursuant to R.C. 1303.59 seeking reimbursement from Oregon Homes for the monies paid. On January 10, 2011, Oregon Homes filed a motion to compel arbitration pursuant to [an arbitration clause found only in] the [O]perating [A]greement. On January 28, 2011,

Appellees filed a memorandum in opposition to the motion to compel. On March 3, 2011, the trial court denied Oregon Homes' motion to compel arbitration.

*Biondi v. Oregon Homes, L.L.C.,* 9th Dist. No. 25875, 2012-Ohio-1714, ¶ 2-3.

**{¶3}** Oregon Homes appealed, and this Court reversed the matter so that a hearing could be held on the motion to compel arbitration. *Id.* at ¶ 7. A hearing was held, and, thereafter, the trial court issued an entry denying Oregon Homes' motion to compel. Oregon Homes has again appealed, raising a single assignment of error for our review.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT COMMITTED ERROR BY THE DENIAL OF THE MOTION TO COMPEL ARBITRATION.

**{¶4}** In its sole assignment of error, Oregon Homes asserts that the trial court erred in denying its motion to compel arbitration. We do not agree.

**{¶5}** We begin by noting that, despite the fact that a hearing took place on Oregon Homes' motion to compel, a transcript of that proceeding is not a part of the record. It is unclear whether only argument was presented at the hearing or whether evidence was submitted as well. Because we do not have a transcript of the hearing, to the extent it impacted the trial court's decision, we must presume regularity. *See Shumate v. Shumate,* 9th Dist. No. 09CA009707, 2010-Ohio-5062, ¶ 9. Notwithstanding the absence of a transcript of the proceedings below, this Court does possess the loan agreements and Operating Agreement, and an evaluation of the provisions of those documents leads us to conclude that the trial court did not err.

**{¶6}** The parties do not challenge the validity of the arbitration clause in the Operating Agreement. Instead, the parties disagree as to whether Appellees' claim falls within the scope of the arbitration clause. Oregon Homes asserts that Appellees' claim is subject to mandatory

binding arbitration because it is related to the operation of the business. Appellees maintain that the claim is not subject to arbitration because it could be maintained without reference to the Operating Agreement.

{¶7} "The question of whether a controversy is arbitrable under a contract is a question of law for the Court to decide upon an examination of the contract." (Internal quotations and citations omitted.) *VIS Sales, Inc. v. KeyBank, N.A.,* 9th Dist. No. 25366, 2011-Ohio-1520, ¶ 8. "Thus, our review is de novo." *Id.*

{¶8} Appellees' claim asserts that, pursuant to R.C. 1303.59, they are entitled to recover money from Oregon Homes that they paid First Merit Bank, N.A. as guarantors of five promissory notes when Oregon Homes failed to pay on the promissory notes according to the terms of the note. Oregon Homes asserts that the dispute is subject to arbitration based upon an arbitration clause in the Operating Agreement, which Appellees signed. The arbitration clause provides that:

> [a]ny dispute arising out of, relating to this Agreement, a breach hereof, or the operation of the business of the Company, shall be settled by arbitration in Lucas County, Ohio, in accordance with the rules of the American Arbitration Association then existing, provided that discovery as provided for under the Ohio Rules of Civil Procedure shall be available to all parties to the arbitration. This agreement to arbitrate shall be specifically enforceable and the arbitration award shall be final and judgment may be entered upon it in any court having jurisdiction over the subject matter of the dispute.

{¶9} Ohio has a "strong public policy favoring arbitration, which is consistent with federal law supporting arbitration." *Taylor v. Ernst & Young, L.L.P.*, 130 Ohio St.3d 411, 2011-Ohio-5262, ¶ 18. Nonetheless, "when deciding motions to compel arbitration, the proper focus is whether the parties actually agreed to arbitrate the issue, i.e., the scope of the arbitration clause, not the general policies of the arbitration statutes." *Id.* at ¶ 20. Thus, "Ohio courts recognize a presumption in favor of arbitration when a claim falls within the scope of an

arbitration provision." *Id.* at ¶ 21. "[A]n order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." (Internal quotations and citations omitted.) *Academy of Medicine of Cincinnati v. Aetna Health, Inc.,* 108 Ohio St.3d 185, 2006-Ohio-657, ¶ 14. "[A]rbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which [it] has not agreed so to submit." (Internal quotations and citations omitted.) *Taylor* at ¶ 20.

{¶10} "We look first to whether the arbitration clause itself or the statute at issue contains limitations as to arbitrability." *Academy of Medicine of Cincinnati*, 108 Ohio St.3d 185, 2006-Ohio-657, at ¶ 17. "Had the parties removed statutory claims from the scope of the arbitration provision, or had the General Assembly evinced an intention to preclude a waiver of judicial remedies for the statutory rights" at issue, the claim could not be said to be within the scope of the arbitration clause. (Internal quotations and citation omitted.) *Id.* There is nothing in either the clause or the statute to suggest the claim could not be arbitrated.

{¶11} The "next consideration is whether the arbitration clause limits itself only to certain aspects of the underlying contract." *Id.* at ¶ 18. This involves classifying the clause as either broad or narrow. *Id.* "An arbitration clause that contains the phrase 'any claim or controversy arising out of or relating to the agreement' is considered the paradigm of a broad clause." (Internal quotations and citation omitted.) *Id.* The clause at issue states in pertinent part, that "[a]ny dispute arising out of, relating to this Agreement, a breach hereof, or the operation of the business of the Company, shall be settled by arbitration * * *." Thus, it must be considered a broad clause.

**{¶12}** Nonetheless, "even the presence of a broad arbitration clause does not make all claims subject to arbitration." *VIS Sales, Inc.,* 2011-Ohio-1520, at ¶ 11. In determining whether a cause of action is within the scope of an arbitration agreement, a court must ask "whether an action can be maintained without reference to the contract or relationship at issue." *Alexander v. Wells Fargo Fin. Ohio 1, Inc.*, 122 Ohio St.3d 341, 2009-Ohio-2962, ¶ 25. If it can, the dispute "is likely outside the scope of the arbitration agreement." (Internal quotations and citations omitted.) *Id.* at ¶ 24. Applying this test "prevents the absurdity of an arbitration clause barring a party to the agreement from litigating any matter against the other party, regardless of how unrelated to the subject of the agreement." *Academy of Medicine of Cincinnati*, 108 Ohio St.3d 185, 2006-Ohio-657, at ¶ 29.

**{¶13}** In the instant matter, the claim filed pursuant to R.C. 1303.59 could be maintained without reference to the operating agreement that contains the arbitration clause. The issue to be decided, whether the Appellees can obtain reimbursement from Oregon Homes for making payments under the separate bank loan agreements, would require reference to only the loan agreements themselves. *See Academy of Medicine of Cincinnati v. Aetna Health, Inc.,* 155 Ohio App.3d 310, 2003-Ohio-6194, ¶ 5 (1st Dist.). Further, under the circumstances, it seems hard to believe that the parties intended to arbitrate this particular dispute involving reimbursement pursuant to the bank loan agreements. It appears that the loan agreements were created by a third party – FirstMerit Bank, N.A. – an entity that was not involved with the Operating Agreement.[1] Furthermore, the loan documents contain no reference to the Operating Agreement. In other words, this is neither a dispute concerning any aspect of the operation of the LLC nor a

---

[1] The loan documents appear to be standard forms. There are no substantive alterations to the form documents that would suggest a connection between the loan documents and the Operating Agreement.

dispute involving any aspect of the Operating Agreement. Nor is it a dispute involving a breach of any aspect of the Operating Agreement. Rather, Appellees' claim entails the exercise of a statutory right arising out of separate loan agreements. Furthermore, to the extent that a transcript of the proceedings below would support Oregon Homes' argument, we note that it is absent from the record, and we thus must presume regularity in the proceedings. *See Shumate,* 2010-Ohio-5062, at ¶ 9. Based upon the record before us, we cannot say that the claim falls within the scope of the arbitration clause and, thus, cannot say that the trial court erred in denying Oregon Homes' motion to compel arbitration. Oregon Homes' assignment of error is overruled.

III.

**{¶14}** In light of the foregoing, we affirm the judgment of the Summit County Court of Common Pleas.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
EVE V. BELFANCE
FOR THE COURT

CARR, J.
CONCURS.

WHITMORE, J.
DISSENTING.

{¶15} I respectfully dissent. I would conclude that these claims arise from loans executed for the operation of the business and, given the strong presumption in favor of arbitration, fall within the parties' broad arbitration clause.

{¶16} "'[U]nless it may be said with positive assurance that the subject arbitration clause is not susceptible to an interpretation that covers the asserted dispute[,]' the trial court should stay the proceedings" and submit the matter for arbitration. *Tomovich v. USA Waterproofing & Foundation Servs. Inc.*, 9th Dist. No. 07CA009150, 2007-Ohio-6214, ¶ 8, quoting *Neubrander v. Dean Witter Reynolds, Inc.*, 81 Ohio App.3d 308, 311 (9th Dist.1992). *Compare Hollinger v. Keybank Natl. Assn.*, 9th Dist. No. 22147, 2004-Ohio-7182, ¶ 13 (claims not arguably within the arbitration clause when individual investors filed suit against Keybank alleging fraud and civil conspiracy based on a third party's handling of investments and "at the time the parties entered th[e] contract, they could not have contemplated that [Keybank] would

either conspire to commit fraud with a third party or fail to investigate the actions of a third party thereby aiding fraud perpetrated on its customers.").

**{¶17}** Here, Oregon Homes executed five promissory notes in favor of FirstMerit Bank. There is no evidence in the record, nor has there been any argument made, that these loans were for anything other than the operation of the business. The arbitration clause in the Operating Agreement is broad. The parties agreed to arbitrate "[a]ny dispute arising out of * * * the operation of the business * * *." While it is true that the claim arises out of the guaranties signed by Appellees, those guaranties were for commercial loans executed by Oregon Homes for the operation of the business. The arbitration provision is susceptible to an interpretation that covers this dispute. *See VIS Sales, Inc. v. KeyBank, N.A.*, 9th Dist. No. 25366, 2011-Ohio-1520, ¶ 22.

**{¶18}** Appellees' claim for reimbursement for payments made on business loans taken out by the company for the operation of the business is a dispute the parties arguably intended to submit to arbitration. Given the strong presumption in favor of arbitration and that the dispute arguably falls within the arbitration provision, I would conclude that the trial court erred in denying Oregon Homes' motion to compel arbitration. *See Tomovich* at ¶ 8. Therefore, I respectfully dissent.

APPEARANCES:

SCOTT A. WINCKOWSKI, Attorney at Law, for Appellant.

THOMAS M. SAXER, Attorney at Law, for Appellees.