[Cite as *Matheny v. Norton*, 2015-Ohio-3451.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

NICHOLAS MATHENY, et al.

      Appellees

      v.

CITY OF NORTON, et al.

      Appellants

C.A. No.     27242

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV 2011 01 0603

DECISION AND JOURNAL ENTRY

Dated: August 26, 2015

HENSAL, Presiding Judge.

{¶1} The City of Norton and Mayor David Koontz appeal a judgment of the Summit County Court of Common Pleas that ordered Nicholas Matheny and the Ohio Patrolmen's Benevolent Association to submit certain issues to arbitration. For the following reasons, this Court affirms.

I.

{¶2} Mr. Matheny was a part-time police officer for the City from March 2004 to February 2008. Although he left the department briefly, it rehired him as a part-time officer in April 2008.

{¶3} According to Richard Ryland, the City's former administration officer, in July 2009, the City was down to only two or three full time police officers and there was no one available to hire who had passed a civil service exam. The City, therefore, made Mr. Matheny a full-time officer with the understanding that he would take the civil service exam that September.

{¶4} The personnel order that Mr. Ryland prepared regarding Mr. Matheny's change in employment indicated that he would "be assigned temporary Full-Time Police Officer status." Mr. Ryland later learned that the pension department had no classification for a temporary full-time officer. He, therefore, revised the personnel order to indicate that Mr. Matheny would "be assigned probationary Full-Time Police Officer status." According to Mr. Matheny, he received a copy of the new order and was told that it replaced the original one.

{¶5} In August 2009, Mr. Matheny applied to take the civil service exam. The application advised Mr. Matheny that an "appointed candidate shall serve a one-year probationary period." The application also advised Mr. Matheny that he would receive bonus points on the exam if he was a part-time police officer for the City. According to Mr. Matheny, Thad Hete, the City's police chief, told him that, even though he was already working full-time, he should mark that he was a part-time officer on the application so that he would receive the bonus points. Chief Hete also wrote a letter to the civil service commission to explain that Mr. Matheny should receive the bonus points.

{¶6} After the City received Mr. Matheny's results on the civil service exam, it retained him as a full-time police officer. On November 13, 2009, Mr. Ryland issued a personnel order that indicated that Mr. Matheny was "hereby hired as Full-Time Police Officer employee[ ] of the City of Norton Police Department." The order stated that Mr. Matheny's "effective date[ ] of full-time employment" was November 14, 2009.

{¶7} In July 2010, Chief Hete notified the City's finance department that, because Mr. Matheny's "full-time employment start date [was] July 28, 2009[,] [h]e is eligible to be moved to the Patrol 2[nd] Year rate * * * on July 28, 2010." Mr. Matheny continued to serve as a full-time police officer until October 27, 2010, when he was terminated, allegedly for disciplinary reasons.

{¶8} In January 2011, Mr. Matheny and the Association filed a complaint and petition to compel arbitration against the City and Mr. Koontz. They alleged that they had attempted to file a grievance with the City because it did not have "reasonable and good cause" to terminate Mr. Matheny, but the City failed to act on it. They, therefore, argued that they were entitled to proceed to arbitration under the terms of their collective bargaining agreement (CBA). After the City and Mr. Koontz filed their answer, the parties submitted briefing on the issue. The trial court granted the petition, but this Court reversed on appeal, explaining that the court had been required to hold a hearing before ruling on the petition. *Matheny v. Norton*, 9th Dist. Summit No. 26166, 2012-Ohio-2283, ¶ 8.

{¶9} On remand, the trial court scheduled a hearing on the petition. Before the date of the hearing, however, the City and Mr. Koontz moved for summary judgment, noting that Mr. Matheny had filed a discrimination action in federal court. The City and Mr. Koontz argued that, under the terms of the CBA, by filing "a discrimination action in a judicial forum," Mr. Matheny "waived and forfeited any remedies provided by the [g]rievance [p]rocedure," which would include the right to arbitration. Mr. Matheny and the Association opposed the motion, but the trial court granted it, concluding that there was no genuine issue of material fact that Mr. Matheny's filing of a discrimination action waived any right he might have to proceed with his grievance. On appeal, this Court reversed, concluding that, because the waiver language was ambiguous, it was improper for the trial court to grant summary judgment to the City and Mr. Koontz. *Matheny v. Norton*, 9th Dist. Summit No. 26666, 2013-Ohio-3798, ¶ 11.

{¶10} On remand, the trial court held a hearing on the petition to compel arbitration. Following the hearing, it referred the matter to arbitration, concluding that, under the terms of the CBA, the parties' disagreements over Mr. Matheny's status at the time of his termination and

whether he waived his right to arbitrate by filing a federal discrimination lawsuit were issues for an arbitrator to resolve. The City and Mr. Koontz have appealed, assigning two errors.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED WHEN IT GRANTED APPELLEE MATHENY'S PETITION TO COMPEL ARBITRATION BECAUSE, AS A PROBATIONARY EMPLOYEE, HE WAS NOT ENTITLED TO AVAIL HIMSELF OF THE GRIEVANCE PROCESS RELATED TO DISCIPLINARY ACTIONS THAT IS FOUND IN ARTICLE 8, SECTION 1 OF THE APPLICABLE COLLECTIVE BARGAINING AGREEMENT.

{¶11} The City and Mr. Koontz note that it is undisputed that the City's full-time police officers are subject to a one-year probationary period and that officers who are still under probation cannot use the CBA's grievance procedure to contest disciplinary actions against them. They argue that, because the City did not hire Mr. Matheny as a full-time officer until November 2009, he was still under his one-year probation period when the City terminated him for disciplinary reasons eleven months later. Mr. Matheny and the Association, however, argue that, because Mr. Matheny began working as a full-time police officer in July 2009 and was accorded "probationary Full-Time Police Officer status" at that time, he finished his one-year probationary period in July 2010, a few months before he was terminated. They, therefore, argue that he may use the grievance procedure to seek review of his termination. The trial court, citing *Stow Firefighters, IAFF Local 1662 v. Stow*, 9th Dist. Summit No. 25090, 2011-Ohio-1558, ordered the parties to submit the dispute over Mr. Matheny's status as either a probationary or non-probationary employee to arbitration because it could not say with "positive assurance" that the matter is not subject to the arbitration provision. *Id*. at ¶ 12, quoting *Council of Smaller Ents. v. Gates, McDonald & Co.*, 80 Ohio St.3d 661, 666 (1998).

{¶12} "The question of whether a controversy is arbitrable under a contract is a question of law for the Court to decide upon an examination of the contract." *Biondi v. Oregon Homes, L.L.C.*, 9th Dist. Summit No. 26543, 2013-Ohio-1770, ¶ 7, quoting *VIS Sales, Inc. v. KeyBank, N.A.*, 9th Dist. Summit No. 25366, 2011-Ohio-1520, ¶ 8. This Court's review is de novo. *Id.* "Ohio has a 'strong public policy favoring arbitration, which is consistent with federal law supporting arbitration.'" *Id.* at ¶ 9, quoting *Taylor v. Ernst & Young, L.L.P.*, 130 Ohio St.3d 411, 2011-Ohio-5262, ¶ 18. "Nonetheless, 'when deciding motions to compel arbitration, the proper focus is whether the parties actually agreed to arbitrate the issue, i.e., the scope of the arbitration clause, not the general policies of the arbitration statutes.'" *Id.*, quoting *Taylor* at ¶ 20. Accordingly, "Ohio courts recognize a presumption in favor of arbitration when a claim falls within the scope of an arbitration provision." *Id.*, quoting *Taylor* at ¶ 21. "[A]n order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *Id.*, quoting *Academy of Medicine of Cincinnati v. Aetna Health, Inc.*, 108 Ohio St.3d 185, 2006-Ohio-657, ¶ 14. "[A]rbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which [it] has not agreed so to submit." *Id.*, quoting *Taylor* at ¶ 20.

{¶13} Article 8 of the CBA, entitled "Discipline," provides, in part, that "[a]ny disciplinary action against a non-probationary employee may be processed in accordance with the dispute resolution procedure in Article 10 of this Agreement * * *." Article 10 provides that "[e]very employee shall have the right to present his grievance in accordance with the procedures provided herein * * *." "Grievance" is defined "as a dispute or controversy arising from the misapplication or misinterpretation of the specific and express written provisions of this Agreement." Article 10 also provides that "any and all disputes arising out of the application

and interpretation of this Agreement shall be resolved solely by this Agreement's Grievance and Arbitration Procedures."

{¶14} The City and Mr. Koontz argue that Mr. Matheny may not use the grievance procedure to contest his termination because he was a probationary employee at the time of his termination. Mr. Matheny and the Association, however, argue that they may proceed under the CBA because Mr. Matheny finished his one-year probationary period in July 2010. The CBA itself does not define "non-probationary employee" or provide any criteria for determining whether an employee falls within that class. The parties also have not pointed this Court to any statute, regulation, or contract provision that resolves Mr. Matheny's status at the time of his termination. We, therefore, conclude that, under the terms of the CBA, the question of whether Mr. Matheny was a probationary or non-probationary employee at the time of his discharge is a dispute "arising out of the application and interpretation of [the CBA.]" Accordingly, it "shall be resolved solely by [the CBA's] Grievance and Arbitration Procedures." *See Stow Firefighters*, 2011-Ohio-1558, at ¶ 12.

{¶15} The City and Mr. Koontz argue that the dispute is not arbitrable because this case raises the same issues as *Donini v. Fraternal Order or Police*, 4th Dist. Scioto No. 08CA3251, 2009-Ohio-5810. In *Donini*, Linda Shannon filed a grievance pursuant to a collective bargaining agreement after she was terminated from the Scioto County Sheriff's office. After an arbitrator ruled in favor of Ms. Shannon, the sheriff filed an action in the common pleas court, requesting that the court vacate the arbitration award. The court complied, concluding that the arbitrator had exceeded his authority because the dispute was not arbitrable. The Fourth District Court of Appeals affirmed, explaining that, because Ms. Shannon was a probationary employee at the time of her termination, she did not have the right to file a grievance under the collective

bargaining agreement. *Donini* is distinguishable from this case, however, because there was no question in that case "that [Ms. Shannon] was removed during [her] probationary period * * *." *Id.* at ¶ 15. In this case, the parties strongly disagree on whether Mr. Matheny was a probationary employee at the time of his termination. *Donini*, therefore, is not instructive.

{¶16} Upon review of the CBA, we agree with the trial court that it cannot be said with "positive assurance that the arbitration clause is not susceptible of an interpretation that covers" the issue of whether Mr. Matheny was a probationary employee at the time of his termination. *Academy of Medicine of Cincinnati*, 108 Ohio St.3d 185, 2006-Ohio-657 at ¶ 14, quoting *Council of Smaller Ents*, 80 Ohio St.3d at 666. Mr. Matheny's status as either a probationary or non-probationary employee is a preliminary question that must be resolved under Article 10 and 11 of the CBA before it can be determined whether Mr. Matheny and the Association may arbitrate the merits of Mr. Matheny's improper-termination grievance. The City's and Mr. Koontz's first assignment of error is overruled.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED WHEN IT GRANTED APPELLEE MATHENY'S PETITION TO COMPEL ARBITRATION BECAUSE HIS FILING OF AN EMPLOYMENT DISCRIMINATION LAWSUIT IN FEDERAL COURT PRECLUDED HIM, UNDER ARTICLE 12, SECTION 3 OF THE APPLICABLE COLLECTIVE BARGAINING AGREEMENT, FROM ALSO PURSUING A GRIEVANCE RELATED TO THE SAME ISSUES UNDER THAT AGREEMENT'S GRIEVANCE PROCEDURE.

{¶17} Alternatively, the City and Mr. Koontz argue that Mr. Matheny and the Association are prohibited from pursuing arbitration of Mr. Matheny's grievance because he filed a discrimination action in federal court. Article 12, Section 3 of the Agreement provides:

The Grievance Procedure set forth at Article 10 shall not be deemed to constitute a waiver of an individual employee's rights, if any, to a judicial forum for claims alleging such discrimination under antidiscrimination statutes. However, an employee who pursues a discrimination claim in a judicial forum shall

automatically have waived and forfeited any remedies provided by the Grievance Procedure.

The City and Mr. Koontz argue that, under the terms of that section, Mr. Matheny and the Association waived their right to seek arbitration of his termination grievance by filing his federal action.

{¶18} This Court previously determined that the language of Article 12, Section 3 is ambiguous. *Matheny*, 2013-Ohio-3798, at ¶ 11. At the hearing that the trial court held on remand, neither side presented extrinsic evidence regarding the intended meaning of Article 12's language. The trial court, therefore, concluded that the issue should be determined by an arbitrator, consistent with the "any and all disputes" provision in Article 10.

{¶19} The City and Mr. Koontz again argue that the plain language of the CBA precludes Mr. Matheny and the Association from seeking arbitration because Mr. Matheny filed a discrimination action in federal court. We conclude, however, that, consistent with this Court's prior decision, Article 12, Section 3 is ambiguous. Accordingly, we agree with the trial court that the parties' dispute over the interpretation of the waiver language must "be resolved solely by [the CBA's] Grievance and Arbitration Procedures." The City's and Mr. Koontz's second assignment of error is overruled.

III.

{¶20} The trial court correctly determined that, under the terms of the CBA, the parties' disputes about the interpretation and application of its grievance and waiver provisions must be resolved through arbitration. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.


JENNIFER HENSAL
FOR THE COURT


WHITMORE, J.
CONCURS.

CARR, J.
DISSENTING.

{¶21} When the City of Norton terminated Mr. Matheny, OPBA attempted to file a grievance on his behalf. In doing so, OPBA articulated the issue as follows: "All three instances of discipline were issued without just case, did not comport with the principles of progressive discipline, and demonstrated disparate treatment toward Grievant." According to its own words, OPBA filed a disciplinary grievance. When the employer refused to process the grievance based

on Matheny's probationary status, OPBA could have grieved the employer's interpretation and application of the contract in its classification of Matheny. OPBA did not do so. I dissent from the majority's opinion because under the plain language of the collective bargaining agreement, Matheny's *discipline* should not be arbitrated.

**{¶22}** The majority correctly notes the well-settled principle that "where [a collective bargaining agreement] contains an arbitration clause, there is a presumption of arbitrability in the sense that '[a]n order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.'" *AT&T Technologies, Inc. v. Communications Workers of Am.*, 475 U.S. 643, 650 (1986). Courts are guided by the express language of the collective bargaining agreement in making this determination. *See id.*, quoting *United Steelworkers of Am. v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 584-585 (1960).

**{¶23}** The CBA at issue in this case contains a grievance procedure that culminates in final and binding arbitration, as contemplated by R.C. 4117.10(A). Two types of grievances are subject to the grievance procedure: disputes "arising from the misapplication or misinterpretation of the specific and express written provisions" of the collective bargaining agreement and disciplinary action. The grievance procedure has three steps: the employee's immediate supervisor, the Chief of Police, and finally, the Administrative Officer or his designee. A disciplinary grievance proceeds in the same manner, except that the grievance is first heard at the level at which the discipline was imposed. A grievance may be submitted to arbitration only "[i]n the event a grievance is unresolved after being processed through all steps of the Grievance Procedure unless mutually waived[.]" The grievance procedure does not contain language that advances a grievance to arbitration in the event that the City does not act on a grievance.

**{¶24}** In this case, the OPBA grieved Mr. Matheny's termination. In the cover letter that accompanied the grievance form, the OPBA proposed that the grievance be heard at Step Three of the grievance procedure. The City declined to process the grievance altogether, instead issuing a letter that applied the probationary limitation on Article 8, Section 1 of the CBA to Mr. Matheny. Neither party has waived the grievance procedure with respect to Mr. Matheny's discipline altogether: the City has interpreted the CBA to his detriment, and the OPBA *wants* the disciplinary grievance to be considered as if he were a nonprobationary employee. The OPBA's remedy is to grieve the City's purported "misapplication or misinterpretation of the specific and express written provisions" of the CBA. That grievance might ultimately culminate in final, binding arbitration – but that grievance has not been filed. It is certainly not before the Court in this case. The only grievance at issue now is Mr. Matheny's *disciplinary* grievance, which has not progressed through the grievance procedure.

**{¶25}** We can, therefore, conclude with positive assurance that nothing in the CBA provides support for the conclusion that the CBA requires a grievance to go directly to arbitration without progressing through the grievance procedure in the absence of waiver by both the City and OPBA. Because the express terms of the CBA, which must control our analysis, require a different result, I would reverse the decision of the Court of Common Pleas.

**{¶26}** I respectfully dissent.

APPEARANCES:

PAUL L. JACKSON and KAREN D. ADINOLFI, Attorneys at Law, for Appellants.

JOSEPH W. DIEMERT, JR., THOMAS M. HANCULAK and DANIEL A. POWELL, Attorneys at Law, for Appellee.

MAX RIEKER, Attorney at Law, for Appellee.